**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000476
26-SEP-2024
08:00 AM
Dkt. 55 SO**

NO. CAAP-21-0000476

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A/
CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE
FOR PRETIUM MORTGAGE ACQUISITION TRUST,
Plaintiff/Counterclaim Defendant-Appellee,
v.
KIRKLAND KAIPONOHEA SHODAHL; KIRKLAND KAIPONOHEA
SHODAHL, AS CO-TRUSTEE OF THE "SHODAHL FAMILY
REVOCABLE LIVING TRUST," UNDER AN UNRECORDED TRUST INSTRUMENT
DATED APRIL 8, 2005; KELLE MOANA SHODAHL; KELLE MOANA SHODAHL,
AS CO-TRUSTEE OF THE "SHODAHL FAMILY REVOCABLE LIVING TRUST,"
UNDER AN UNRECORDED TRUST INSTRUMENT DATED APRIL 8, 2005;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR FIRST CAPITAL GROUP, INC.;
NATIVE HAWAIIAN REVOLVING LOAN FUND, OFFICE OF
HAWAIIAN AFFAIRS; FIA CARD SERVICES, N.A.,
Defendants/Cross-claim Defendants-Appellees,
and
EWA BY GENTRY COMMUNITY ASSOCIATION; UNITED STATES
OF AMERICA; STATE OF HAWAII-DEPARTMENT OF TAXATION,
Defendants-Appellees,
and
LAUNANI ASSETS, LLC, A HAWAII LIMITED LIABILITY COMPANY,
Defendant/Counterclaimant/Cross-claimant-Appellant,
and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 2-50, and DOE GOVERNMENTAL UNITS
1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC131001329)

## SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

**Launani** Assets LLC appeals from the July 26, 2021 **Judgment** for **Wilmington** Savings Fund Society, FSB, doing business as Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust, entered by the Circuit Court of the First Circuit.[1]  We affirm.

Bank of America, N.A. (**BANA**) filed a foreclosure complaint and notice of pendency of action on May 6, 2013.  Named as defendants were the mortgagors, Kirkland Kaiponohea Shodahl and Kelle Moana Shodahl (the **Shodahls**), and others.

The Ewa by Gentry Community Association nonjudicially foreclosed its lien against the Shodahls' **Property** in 2016, while BANA's foreclosure action was pending.  The Property was sold to Launani by quitclaim deed recorded on September 19, 2016.  Launani was then added as a defendant to the foreclosure action.  Launani answered and counterclaimed to quiet title.

BANA moved to substitute Wilmington as the plaintiff and real party in interest.  The circuit court granted the motion.  Wilmington moved for summary judgment and a decree of foreclosure, and for summary judgment on Launani's counterclaim.  On July 26, 2021, the circuit court entered findings of fact, conclusions of law, and an order granting BANA's motion, and the Judgment.  This appeal followed.  Launani contends the circuit court erred by **(1)** granting the motion to substitute Wilmington for BANA; and **(2)** granting Wilmington's motion for summary judgment.

**(1)**  We review substitution of a party for abuse of discretion.  See Roxas v. Marcos, 89 Hawai'i 91, 117, 969 P.2d 1209, 1235 (1998).  Hawai'i Rules of Civil Procedure (**HRCP**) Rule 25(c) allows substitution of parties "[i]n case of any transfer of interest[.]"  BANA showed that the Shodahls' original mortgagee, Mortgage Electronic Registration Systems, Inc. (**MERS**),

---

[1]      The Honorable Jeannette H. Castagnetti presided.

as nominee for **Countrywide** Home Loans, Inc., assigned the mortgage to **BAC** Home Loans Servicing, LP; BAC merged into BANA; BANA assigned the mortgage to Federal National Mortgage Association (**FNMA**); and FNMA assigned the mortgage to Wilmington.

Launani argues FNMA should have been the party moving to substitute Wilmington as the plaintiff. Launani cites no authority supporting its argument, and we find none. Launani also argues that BANA had to serve summons on FNMA and Wilmington under HRCP Rule 25(a)(1). The rule contains no such requirement. The circuit court acted within its discretion by granting BANA's motion to substitute.

**(2)** The statement of the points of error in Launani's opening brief does not challenge the circuit court's findings of fact as required under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(C). Unchallenged findings of fact are binding on appeal. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002).

**(a)** Launani argues Wilmington did not prove BANA had standing to enforce the Shodahls' note when it filed the lawsuit, as required by Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 368, 390 P.3d 1248, 1255 (2017). The circuit court found that "BANA[] had physical possession of the original blank-indorsed Note . . . at the time the Complaint was filed on May 6, 2013 . . . and was entitled to enforce the Note under HRS § 490:3-301." Even if Launani had properly challenged this mixed finding and conclusion, its argument has no merit.

Launani argues that Tramelle Martise **Thomas,** whose declaration was offered by Wilmington to support its motion for summary judgment, was "not qualified to authenticate the business records of Countrywide or BAC rendering Exhibits 3 through 12 [to her declaration] inadmissible hearsay[.]" Thomas is a BANA assistant vice president. She is familiar with BANA's computer system that services loans. She knows how information is made and kept on the system. She reviewed BANA's records for the Shodahls' loan. Exhibits 3 and 8 through 12 were the documents

she used to confirm that BANA possessed the note when its complaint was filed. Those documents were BANA's own; they were not incorporated records such as those at issue in U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017). Thomas was qualified to authenticate them. Being BANA's business records, they were admissible under Hawaii Rules of Evidence Rule 803(b)(6) to prove the truth of the matter asserted. The circuit court's mixed finding and conclusion was supported by substantial evidence, was not clearly erroneous, and applied the correct rule of law. It will not be overturned. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).

**(b)** Launani argues Wilmington hasn't shown what the Pretium Mortgage Acquisition Trust (the assignee of the Shodahls' mortgage) is, or that Wilmington is its trustee. It cites no authority for this requirement. It lacks standing to challenge the assignment. Mattos, 140 Hawaiʻi at 35, 398 P.3d at 624.

**(c)** Wilmington's motion for a decree of foreclosure was supported by the declaration of Michael N. **Zerulik** and the exhibits to that declaration. Launani's brief makes no arguments about Zerulik's qualifications as a witness or the admissibility of the documents he authenticated. Those issues are waived. HRAP Rule 28(b)(7). Zerulik's declaration and exhibits show the existence of an agreement, the terms of the agreement, default by the mortgagors, giving of the cancellation notice, and standing to foreclose. See Reyes-Toledo, 139 Hawaiʻi at 367, 390 P.3d at 1254 (reciting elements of foreclosure). The circuit court did not err by granting Wilmington's motion for summary judgment and interlocutory decree of foreclosure.

**(d)** Launani argues the circuit court should have denied Wilmington summary judgment on Launani's counterclaim for the same reasons it should have denied summary judgment on the foreclosure claim. It makes no other argument. The circuit court did not err by granting Wilmington's motion for summary judgment on Launani's counterclaim to quiet title.

For these reasons, the Judgment entered by the circuit court on July 26, 2021, is affirmed.

DATED: Honolulu, Hawaiʻi, September 26, 2024.

On the briefs:

Richard T. Forrester,
for Launani Assets, LLC,
a Hawaii limited liability
company.

Jade Lynne Ching,
David A. Nakashima,
Ryan B. Kasten,
for Wilmington Savings
Fund Society, FSB,
d/b/a Christiana Trust,
not individually but as
Trustee for Pretium
Mortgage Acquisition
Trust.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge